**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000082
29-FEB-2024
08:32 AM
Dkt. 58 SO**

NO. CAAP-18-0000082


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GREEN GLOBAL COMMUNITIES INC.,
a Hawaii Corporation, Plaintiff-Appellee, v.
NEIGHBORHOOD POWER CORPORATION,
a California Corporation, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC171000361)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Neighborhood Power Corporation

(**Neighborhood Power**) appeals from the Circuit Court of the

Second Circuit's January 24, 2018 "Order Denying Defendant's

Motion to Compel Arbitration and Dismiss Claims and Motion for

Attorney's Fees, Filed October 25, 2017."[1]  On appeal,

Neighborhood Power raises two points of error, challenging the

---

[1] The Honorable Peter T. Cahill presided.

circuit court's denial of its motion to compel arbitration and request for attorneys' fees.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

"[I]n order to be valid and enforceable, an arbitration agreement must have the following three elements: (1) it must be in writing; (2) it must be unambiguous as to the intent to submit disputes or controversies to arbitration; and (3) there must be bilateral consideration." Siopes v. Kaiser Found. Health Plan, Inc., 130 Hawaiʻi 437, 447, 312 P.3d 869, 879 (2013) (citations omitted). "The party seeking to compel arbitration carries the initial burden of establishing that an arbitration agreement exists between the parties. . . . If this initial burden is met, the burden shifts to the opposing party to 'present evidence on its defenses to the arbitration agreement.'" Id. at 446, 312 P.3d at 878 (citations omitted). We review a trial court's order granting or denying a motion to compel arbitration de novo, "using the same standard employed by the trial court and based upon the same evidentiary materials as

2

were before [it] in determination of the motion." Id. (citation omitted).

Assuming *arguendo*, Neighborhood Power established the three elements under Siopes, the burden would then shift to Plaintiff-Appellee Green Global Communities, Inc. (**Green Global**) to raise any defenses. As a defense, Green Global argued because "there are no 'rules of the County of Maui' for the parties to arbitrate under[,] such an arbitration is impossible and the Court cannot enforce that which is impossible to perform."

Here, the arbitration clause required disputes be arbitrated "under the rules of the county of Maui" as follows:

> All disputes arising out of this Agreement between the Developers that is not resolvable by good faith negotiations by the same, shall be filed in the county of Maui, and shall be settled by binding arbitration under the rules of the county of Maui. In so agreeing the parties expressly waive their right, if any, to a trial by jury of these claims and further agree that the award of the arbitrator shall be final and binding upon them as though rendered by a court of law and enforceable in any court having jurisdiction over the same.

(Emphasis added.)

In the first sentence of the arbitration clause, the parties agreed all disputes arising from the agreement "shall" be arbitrated "under the rules of the county of Maui." There is nothing ambiguous about this sentence or the parties' intent.

See generally, Siopes, 130 Hawaiʻi at 447, 312 P.3d at 879. As drafted, the parties made conducting the arbitration "under the rules of the county of Maui" an integral part of their agreement. See generally, 6 C.J.S. Arbitration § 36 (2023) (explaining "if the parties' agreement specifies that the laws and procedures of a particular forum shall govern any arbitration between them, that forum selection clause is an important part of the arbitration agreement").

The only problem is no one can comply with this contractual mandate because, as the parties agree, there are no "rules of the county of Maui" governing arbitration. See generally, 30 Richard A. Lord, Williston on Contracts §§ 77:1, 77:7 (4th ed. 2021) ("The doctrine of impossibility excuses performance of a contract when the thing to be done cannot by any means be accomplished . . ." and impossibility "of performance under a contract [is a] complete defense[] where a fact essential to performance is assumed by the parties but does not exist at the time for performance.").

Neighborhood Power urged the circuit court to "blue pencil," sever, or simply disregard the language "under the rules of the county of Maui." But, the agreement did not provide for these proposed solutions. To the contrary, the agreement stated, "[t]his agreement constitutes the entire agreement of the parties and may not be altered, unless the same

4

is agreed upon in writing signed and acknowledged by the parties."  Moreover, "it is the function of courts to construe and enforce contracts made by the parties, and not to make or alter them."  Scotella v. Osgood, 4 Haw. App. 20, 24, 659 P.2d 73, 76 (1983); see generally, Sher v. Cella, 114 Hawaiʻi 263, 267, 160 P.3d 1250, 1254 (App. 2007) ("Arbitration is a matter of contract[.]") (citation omitted).

The agreement between the parties also provided that the "agreement shall be governed and construed by the laws of the State of Hawaii."  Hawaiʻi Revised Statutes § 658A-7(a)(2) (2016) provides where there is a motion to compel arbitration, "the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."  The circuit court here did that, by determining it could not enforce the arbitration provision in this agreement because it could not order the parties to arbitrate their dispute under the non-existent "rules of the county of Maui."  Thus, the circuit court did not err in denying Neighborhood Power's motion to compel arbitration.

We need not address Neighborhood Power's point of error on attorneys' fees as we affirm the circuit court's denial of its motion to compel.

For the above reasons, we affirm the circuit court's January 24, 2018 "Order Denying Defendant's Motion to Compel

Arbitration and Dismiss Claims and Motion for Attorney's Fees, Filed October 25, 2017."

DATED:  Honolulu, Hawaiʻi, February 29, 2024.

On the briefs:

Rebecca A. Copeland,
for Defendant-Appellant.

Gary Robert,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge